**Law Offices of Stephen K. Seung**
2 Mott Street Suite 601
New York, New York 10013
(212) 732-0030 [L11H019]
Attorneys for Defendants

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUCINA ROJAS,

                                 Plaintiff,

    -against-

GOLDEN 88 JEWELRY & DISCOUNT INC. and
SHIU HING FUNG,

                                Defendants.
-------------------------------------------------------------X

Docket No.: CV 11-3139

Civil Action

**ANSWER TO**
**COMPLAINT& AFFIRMATIVE**
**DEFENSES**

       Defendants Golden 88 Jewelry & Discount Inc. and Shiu Hing Fung ("Defendants"), by and through their attorneys, the Law Offices of Stephen K. Seung, as and for their Answer to the Complaint herein, state, upon information and belief:

       1.     Defendants deny the allegations of paragraph 1 of the Complaint and refer all questions of law to the Court.

       2.     Defendants deny the allegations of paragraph 2 of the Complaint, and refer all questions of law to the Court.

       3.     Defendants deny the allegations of paragraph 3 of the Complaint and refer all questions of law to the Court.

4.  Defendants deny that this Court has subject matter jurisdiction over this matter and deny all other allegations of paragraph 4 of the Complaint. Therefore this Court may not exert supplemental jurisdiction over any purported state law claims.

5.  Defendants deny the allegations of paragraphs 5 of the Complaint, and refer all questions of law to the Court.

6.  Except to admit that for a certain period of time, a period less than the period of time being claimed by plaintiff, plaintiff did work for defendant Golden 88 Jewelry & Discount Inc., Defendants deny the allegations of paragraph 6 of the Complaint.

7.  Defendants admit that the corporate defendant, Golden 88 Jewelry & Discount Inc., is a New York corporation, with a location at the address specified in the Complaint, but deny all other allegations of paragraph 7 of the Complaint, and refer all questions of law to the Court.

8.  Defendants deny the allegations of paragraph 8 of the Complaint, and refer all questions of law to the Court.

9.  Defendants deny the allegations of paragraph 9 of the Complaint, and refer all questions of law to the Court.

10. Except to admit that for a certain period of time, less than the period of time being

claimed by plaintiff, plaintiff did work for defendant Golden 88 Jewelry & Discount Inc., the Defendants deny the allegations of paragraph 10 of the Complaint, and Defendants refer all questions of law to the Court.

11. Defendants deny the allegations of paragraph 11 of the Complaint, and refer all questions of law to the Court.

12. Defendants deny the allegations of paragraph 12 of the Complaint, and refer all questions of law to the Court.

13. Defendants deny the allegations of paragraphs 13 and 14 of the Complaint, and refer all questions of law to the Court.

14. Defendants deny the allegations of paragraphs 15, 16, 17, and 18 of the Complaint, and refer all questions of law to the Court.

15. Defendants deny the allegations of paragraphs 19 and 20 of the Complaint and refer all questions of law to the Court.

16. Defendants deny the allegations of paragraphs 21 and 22 of the Complaint and refer all questions of law to the Court.

### ANSWERING THE FIRST CLAIM FOR RELIEF [FLSA]

17. Answering paragraph 23 of the Complaint, Defendants repeat and reassert their

responses to paragraphs 1 through 22, inclusive, of the Complaint, as if set forth at length herein.

18. Defendants deny the allegations of paragraphs 24, 25, 26, 27, and 28 of the Complaint, and refer all questions of law to the Court.

### ANSWERING THE SECOND CLAIM FOR RELIEF [NY LAW]

19. Answering paragraph 29 of the Complaint, Defendants repeat and reassert herein, their responses to paragraphs 1 through 28, inclusive, of the Complaint, as if set forth at length herein.

20. Defendants deny the allegations of paragraphs 30, 31, 32, and 33 of the Complaint, and refer all questions of law to the Court.

### ANSWERING THE THIRD CLAIM FOR RELIEF [FLSA]

21. Answering paragraph 34 of the Complaint, Defendants repeat and reassert herein their responses to paragraphs 1 through 33, inclusive, of the Complaint as if set forth at length herein.

22. Defendants deny the allegations contained in paragraphs 35, 36, 37, and 38 of the Complaint, and refer all questions of law to the Court.

### ANSWERING THE FOURTH CLAIM FOR RELIEF [NY LAW]

23. Answering paragraph 39 of the Complaint, Defendants repeat and reassert herein their responses to paragraphs 1 through 38, inclusive, of the Complaint as if set forth at length herein.

24. Defendants deny the allegations of paragraphs 40, 41, 42, and 43 of the Complaint, and refer all questions of law to the Court.

### ANSWERING THE FIFTH CLAIM FOR RELIEF

25. Answering paragraph 44 of the Complaint, Defendants repeat and reassert herein their responses to paragraphs 1 through 43, inclusive, of the Complaint as if set forth at length herein.

26. Defendants deny the allegations contained in paragraphs 45 and 46 of the Complaint and refer all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. Plaintiff's claims in whole or in part, are untimely and barred by the statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Plaintiff, upon information and belief, does not have a social security number.

30. Plaintiff, upon information and belief, has failed to declare her income, in whole or in part, to the appropriate federal, State and City authorities and has been unjustly enriched thereby.

31. Plaintiff, upon information and belief, has failed to pay the income tax due to the appropriate Federal, State and City authorities, and any recovery should be reduced accordingly.

32. Based upon the foregoing, plaintiff is neither entitled to the protections of the minimum wage laws nor the overtime wage protections being claimed, and is precluded by the doctrines of estoppel and equity from seeking recovery herein, in whole or in part.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by the doctrines of laches and/or estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. As neither of the Defendants are involved in interstate commerce and the corporate defendant's gross receipts are less than $500,000.00, the statutory prerequisites for seeking protection under the federal statutes being asserted are absent and plaintiff may not seek recovery under such statutes against the Defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35. Plaintiff failed to effectuate service upon both the corporate defendant and the individual defendant. Therefore and due to the insufficiency of such process herein, this Court lacks personal jurisdiction over both defendants.

WHEREFORE, Defendants Golden 88 Jewelry & Discount Inc. and Shiu Hing Fung request judgment dismissing plaintiff's claims and awarding costs of suit and such other and

further relief as this Court deems just and proper.

Dated: August 10, 2011

LAW OFFICES OF STEPHEN K. SEUNG
Attorneys for Defendants

By: _____
Jonathan E. Glaser (JG - 2062)
2 Mott Street   Suite 601
New York, New York 10013
(212) 732-0030;   File: L11H019

LAW OFFICES OF STEPHEN K. SEUNG
Attorneys for Defendants

By: _____
Robert Nizewitz (RN - 1896)
2 Mott Street   Suite 601
New York, New York 10013
(212) 732-0030;   File: L11H019

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify to the best of my personal knowledge and belief that the matters in this action are not currently the subject of any other pending action or any arbitration proceeding.

Dated: August 10, 2011

LAW OFFICES OF STEPHEN K. SEUNG
Attorneys for Defendants

By: _____
Jonathan E. Glaser (JG - 2062)
Robert Nizewitz (RN - 1896)

**DEMAND FOR STATEMENT OF DAMAGES**

Defendants hereby request that plaintiff produce and provide to the undersigned a computation or statement of each category of damages being claimed.

Dated: August 10, 2011

LAW OFFICES OF STEPHEN K. SEUNG
Attorneys for Defendants

By: _____
Jonathan E. Glaser (JG - 2062)
Robert Nizewitz (RN - 1896)

**CERTIFICATION OF SERVICE**

I hereby certify that a true copy of the within Answer was served by first class mail, postage prepaid on August 10, 2011, addressed to:

Berke-Weiss & Pechman LLP
Attorneys for Plaintiff
488 Madison Avenue 11th Floor
New York, New York 10022
212-583-9500
Att: Louis Pechman, Esq.
   Jessica Tischler, Esq.

Dated: August 10, 2011

LAW OFFICES OF STEPHEN K. SEUNG
Attorneys for Defendants

By: _____
Jonathan E. Glaser (JG - 2062)
Robert Nizewitz (RN - 1896)